**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                           Case No. 26-30706

Ali Mehralian,                                                   Chapter 7

       Debtor.

_____

Dinh Thong,

       Plaintiff,                                     Adv. Proc. No. 26-03047

v.

Ali Mehralian,

       Defendant.

---

**ORDER REMANDING ADVERSARY PROCEEDING**

---

On May 13, 2026, this adversary proceeding came before the Court for a hearing on the Plaintiff's Motion to Remand. ECF No. 4. The Defendant filed a response. ECF No. 11. The Defendant also filed an addendum. ECF No. 18. Appearances were made by the Defendant, pro se, and by Hugh Alan Kantrud for the Plaintiff. On the record, the parties consented to entry of final orders or judgment by the Court pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012. Thus, a report and recommendation is not necessary. In either case, the Court's ultimate decision to remand would apparently be reviewed de novo by the District Court. See Scherer v. Carroll, 150 B.R. 549, 551 (D. Vt. 1993) (standard of review on appeal of abstention and remand); In re Borchardt, 56 B.R. 791, 793 (D. Minn. 1986) (standard of review on report and

1

recommendation for abstention and remand).

At a previous hearing on April 29, 2026, the Court made preliminary observations about the motion. However, the Defendant stated that he had never received the motion. Therefore, the Court printed a copy, and the Defendant also confirmed on the record that he received that printed copy of the Plaintiff's motion to remand. The Court then entered an order allowing the Plaintiff to file a response (which the Plaintiff did). ECF Nos. 6, 11, 18.

The Court has considered the motion, response, addendum, and the parties' arguments at the May 13 and April 29 hearings. For the reasons the Court shall state, the Court grants the motion and remands this proceeding to the Ramsey County District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The history of the parties' litigation in state court is lengthy and mostly irrelevant for the purposes of this motion, and the facts related to this motion are undisputed. The relevant factual and procedural background is as follows.

The Plaintiff sold certain real property in St. Paul to the Defendant by contract for deed. The Defendant allegedly failed to make required payments, at which point the Plaintiff allegedly terminated the contract for deed and filed an unlawful detainer action in the Ramsey County District Court. Several stops and starts transpired, including multiple bankruptcy filings by the Defendant, one by the Plaintiff, and a dismissal of the original unlawful detainer action.

The parties' most recent eviction proceeding went to trial and was taken under advisement by the state court in late February 2026. Then, on March 6, the Defendant filed a Chapter 7 petition in this Court. Bk. Case No. 26-30706, ECF No. 1. On March 23, the Defendant filed a Notice of Removal purporting to remove the eviction proceeding to this Court. ECF No. 1. The Plaintiff's Motion to Remand followed. ECF No. 4.

The Plaintiff offers several reasons why remand is appropriate: there is no federal interest at issue; this is purely a matter of state law; the outcome will not affect the administration of the estate; the Defendant's intent is to hinder and delay the eviction; and relitigating a case that has been tried and taken under advisement "would be a horrific waste of the court's time and an unfair and unreasonable burden on [the Plaintiff]." ECF No. 4-1 at 9. Alternatively, the Plaintiff argues that, for many of the same reasons, both permissive and mandatory abstention under Section 1334(c)(1)–(2) apply to this matter. ECF No. 4-1 at 10–13; 28 U.S.C. § 1334(c)(1)–(2).

The Defendant responds that federal law is involved because: eviction would be a taking under the Fifth Amendment; both the state court and the Plaintiff have violated the Defendants' due process rights; and the Plaintiff and others have violated bankruptcy law. ECF No. 11 at 2–4. The Defendant alleges that the state court judge never read the Defendant's motions, abused his power, and violated both state and federal law. ECF No. 11 at 4–6. The Defendant argues that remand will allow these alleged violations to continue. ECF No. 11 at 6–7. Alternatively, the Defendant argues abstention is inappropriate because this proceeding involves no sensitive state matters and does not require specialized handling. ECF No. 11 at 10.

The Court notes that the Defendant has filed for bankruptcy 13 times in this district. See Bk. Case No. 26-30706, Docket Entry dated March 9, 2026 (listing prior filings). The Defendant has also been barred from filing on at least three occasions. See Bk. Case No. 21-40898 (Judge Sanberg), ECF No. 25 (barring filing from June 24, 2021, until June 24, 2022); Bk. Case No. 22-41643 (Judge Fisher), ECF No. 57 (barring filing from November 3, 2022, until January 1, 2024); Bk. Case No. 25-40540 (Judge Fisher), ECF No. 56 (barring filing from May 27, 2025, until March 2, 2026). The Defendant's current case was filed four days after the most recent bar expired.

## DISCUSSION

The Plaintiff asks the Court to abstain from hearing this adversary proceeding and to remand this proceeding to the state court. The Court will assume for the purposes of this motion that the proceeding was properly removed to this Court. However, there are at least two reasons to doubt whether the removal was proper. First, this proceeding was removed to this Court under Section 1452(a), which provides for removal to the district court, not the bankruptcy court. In re Borchardt, 56 B.R. 791, 792 (D. Minn. 1986); 28 U.S.C. § 1452(a). Second, the Defendant may have failed to file the notice of removal in the state court, which is required for the removal to be effective. Fed. R. Bankr. P. 9027(b)–(c). But, whether or not the removal was proper, this proceeding should continue in state court.

### I.   The Court Remands This Proceeding To The Ramsey County District Court

Courts in the Eighth Circuit have generally concluded that:

The analysis used to determine whether equitable remand under § 1452(b) is appropriate is virtually identical to the permissive abstention analysis [under § 1334(c)(1)], with the consideration of four additional factors:

(1) whether remand serves principles of judicial economy;
(2) whether there is prejudice to unremoved parties;
(3) whether the remand lessens the possibilities of inconsistent results; and
(4) whether the court where the action originated has greater expertise.

In re Sears, 539 B.R. 368, 371–72 (D. Neb. 2015); see also In re Burrow, 505 B.R. 838, 850 (Bankr. E.D. Ark. 2013); Frelin v. Oakwood Homes Corp., 292 B.R. 369, 383–84 (Bankr. E.D. Ark. 2003).

The Court notes at the outset that these additional factors weigh in favor of remand. As the Plaintiff points out, remand would serve principles of judicial economy because the state court had taken this matter under advisement and was ready to rule. The state court where this action originated also has greater expertise in unlawful detainer actions because such actions are

4

brought virtually exclusively in state court. The other two factors are neutral or inapplicable.

Therefore, these factors weigh in favor of remand.

The Court now turns to the permissive abstention factors. With respect to permissive

abstention under Section 1334(c)(1):

> [C]ourts have developed a number of factors that may be considered in
> determining whether abstention is appropriate. These include:
>
> (1) the effect or lack thereof on the efficient administration of the estate if a Court
> recommends abstention,
> (2) the extent to which state law issues predominate over bankruptcy issues,
> (3) the difficult or unsettled nature of the applicable law,
> (4) the presence of a related proceeding commenced in state court or other
> nonbankruptcy court,
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
> (6) the degree of relatedness or remoteness of the proceeding to the main
> bankruptcy case,
> (7) the substance rather than the form of an asserted 'core' proceeding,
> (8) the feasibility of severing state law claims from core bankruptcy matters to
> allow judgments to be entered in state court with enforcement left to the
> bankruptcy court,
> (9) the burden [on] the bankruptcy court's docket,
> (10) the likelihood that the commencement of the proceeding involves forum
> shopping by one of the parties,
> (11) the existence of a right to a jury trial, and
> (12) the presence in the proceeding of nondebtor parties.

In re Williams, 256 B.R. 885, 894 (B.A.P. 8th Cir. 2001).

The Court analyzes each as follows.

1. <u>The effect or lack thereof on the efficient administration of the estate if a Court
recommends abstention.</u>

This proceeding does not appear to involve property of the estate. Therefore, abstaining

would not prevent efficient administration of the estate. This factor weighs in favor of abstention.

2. <u>The extent to which state law issues predominate over bankruptcy issues.</u>

Contrary to the Defendant's assertions, this proceeding involves purely state law issues.

The Defendant makes vague allegations regarding violations of bankruptcy law, but the only

5

specific allegation is that the state court judge (and others) violated the automatic stay. Those allegations are being litigated in Adv. Proc. No. 26-03052—this proceeding is simply a removed eviction action.

The other alleged federal issues raised by the Defendant not only are not <u>bankruptcy</u> issues, but the Plaintiff also is not a governmental actor, so eviction would not effectuate a taking. <u>See</u> <u>Palazzolo v. Rhode Island</u>, 533 U.S. 606, 617 (2001). Nor does the Defendant explain how an eviction would be "for public use." <u>Id.</u> Similarly, allegations that the state court is not reading the Defendant's motions, is violating due process rights, and is otherwise acting improperly may be raised on appeal—not on removal to this Court. This factor weighs in favor of abstention.

3. <u>The difficult or unsettled nature of the applicable law.</u>

The Court is not in a position to determine whether the applicable law is difficult or unsettled because the Court has no expertise in eviction proceedings. This factor is neutral.

4. <u>The presence of a related proceeding commenced in state court or other nonbankruptcy court.</u>

This proceeding was removed from the state court where the state court had conducted a trial, had taken the matter under advisement, and was ready to issue its ruling. This factor weighs strongly in favor of abstention.

5. <u>The jurisdictional basis, if any, other than 28 U.S.C. § 1334.</u>

There does not appear to be any jurisdictional basis other than Section 1334. Both parties are citizens of Minnesota (there is no allegation that either is not), and the issues are governed by state law. This factor weighs in favor of abstention.

6

6. <u>The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.</u>

This proceeding is only remotely related to the main bankruptcy case because it does not appear to involve estate property, the allowance of claims, or any other proceedings within the main bankruptcy case. This factor weighs in favor of abstention.

7. <u>The substance rather than the form of an asserted 'core' proceeding.</u>

The notice of removal states this is a core proceeding, but this eviction proceeding is not one of the core proceedings listed in 28 U.S.C. § 157(b). This factor weighs in favor of abstention.

8. <u>The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.</u>

There are no core bankruptcy matters to be severed from state law claims because this proceeding consists entirely of state law claims. This factor weighs in favor of abstention.

9. <u>The burden on the bankruptcy court's docket.</u>

Hearing this case would not burden the bankruptcy court's docket. But, a precedent that removal of eviction or foreclosure cases is proper might result in numerous removals. This factor weighs in favor of abstention.

10. <u>The likelihood that the commencement of the proceeding involves forum shopping by one of the parties.</u>

This removal may have involved forum shopping because much of the Defendant's brief focuses on the state court's allegedly biased and inappropriate treatment of the Defendant. The Defendant explicitly opposes remand on the ground that returning to state court would subject the Defendant to more allegedly wrongful treatment. In other words, the Defendant opposes remand because he wishes to have the proceeding heard in this forum rather than in state court. However, an appeal is the proper route for addressing such concerns. This factor weights in favor of abstention.

11. <u>The existence of a right to a jury trial.</u>

Under Minn. Stat. § 504B.335(b), either party may demand a right to a jury trial in an unlawful detainer action. This Court can only conduct jury trials with the consent of all parties. In theory, any party could force this proceeding to be transferred to yet another court, but the fact remains that the trial has already occurred in state court. This factor weighs in favor of abstention.

12. <u>The presence in the proceeding of nondebtor parties.</u>

One of the two parties in this proceeding is a nondebtor. This factor is neutral.

To summarize, twelve of the sixteen factors to be considered weigh in favor of remand to the state court, four are neutral, and no factors weigh against remand. Therefore, the Court will grant the motion to remand.

**II. Even If The Court Did Not Remand, The Court Must Abstain.**

Even if the Court did not remand this proceeding, the Court would abstain under Section 1334(c)(1) as discussed above. The Court also would have to abstain under Section 1334(c)(2).

Section 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). There does not appear to be any federal, non-bankruptcy jurisdiction over this proceeding. There is no diversity jurisdiction, as both parties are residents of Minnesota. <u>See</u> 28 U.S.C. § 1332. There is no federal question jurisdiction because this proceeding also does not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This matter also certainly can be timely adjudicated in the state forum that had

8

taken this matter under advisement prior to the removal. Therefore, the Court is required to abstain and, thus, remands this proceeding to the state court. See Nhut Le v. Wells Fargo Bank, NA, No. CIV. 13-1920 SRN/JJK, 2014 WL 1672260, at *4–5 (D. Minn. Mar. 17, 2014), report and recommendation adopted sub nom. Nhut Le v. Wells Fargo Bank, N.A., No. 13-CV-1920 SRN/JJK, 2014 WL 1672353 (D. Minn. Apr. 28, 2014), aff'd on other grounds, 595 F. App'x 661 (8th Cir. 2015) (remanding to the state court an eviction proceeding removed under Section 1452).

**CONCLUSION**

For the reasons explained above, the Court remands this adversary proceeding to the Ramsey County District Court. Even if remand were inappropriate, the Court must abstain.

Therefore,

**IT IS ORDERED:**

This adversary proceeding is remanded to the Ramsey County District Court.


Dated: *May 19, 2026*

s/ William J. Fisher
_____
William J. Fisher
United States Bankruptcy Judge


9